## HERBERT AND OTHERS
*v.*
## WREN AND WIFE AND OTHERS.

1813.

Feb. 15th.

*Present.....All the Judges except* TODD, J.

Courts of
Chancery
have concur-
rent jurisdic-
tion with
Courts of law,
in cases of
Dower, especi-
ally where par-
tition, disco-
very, or ac-
count is pray-
ed, and in cases
of sale where
the parties are
willing that a
sum in gross
should be given
in lieu of dow-
er.
If a devise of
land in. Vir-
ginia to the
widow, appear
from circum-
stances to be
intended in.
lieu of dower,
she must make
her election,
and cannot
take both.
If a wife join
her husband in

ERROR to the Circuit Court for the district of
Columbia, sitting at Alexandria, in a suit in Chancery
brought by Richard Wren, and Susanna, his wife, who
was the widow of Lewis Hipkins, deceased, and John
and Westley Adams, her trustees, against W. Herbert,
T. Swann, R. B. Lee, and W. B. Page, (trustees of
Philip R. Fendall, deceased) and E. I. Lee, Jos. Deane
and F. Green.

The case was stated by MARSHALL, *Ch. J.* (in de-
livering the opinion of the Court) as follows:

This suit was brought by Richard Wren, and Susan-
na, his wife, formerly the wife of Lewis Hipkins, pray-
ing that dower may be assigned her in a tract of land
of which her former husband died seized, and which
has since been sold and conveyed to the Defendant, Jo-
seph Deane, or that a just equivalent in money may be
decreed her in lieu thereof.

The material circumstances of the case are these:

Lewis Hipkins being seized as tenant in common
with Philip Richard Fendall of one third of a tract of
land lying in the county of Fairfax by his deed exe-

cuted by himself and wife, leased the same to Philip Richard Fendall for the term of thirteen years, to commence on the first of September, in the year 1794, at the annual rent of 140*l.*

In the year 1794 Lewis Hipkins departed this life, having first made his last will and testament in writing, in which he devised both real and personal estate to his wife: the real estate for her life, with remainder to his three daughters.

To his two sons he devised the premises in question, and added that if, during the minority of his sons, Philip R. Fendall should erect thereon another water mill or water mills, his desire was that his sons or the survivor of them should, at the expiration of the lease for years made to the said Philip pay one third part of the value of such mill or mills, and in default of payment that P. R. Fendall should be permitted to hold the same at the present rent until the value should be received.

He directed his two tracts of land in Loudon to be sold for the payment of his debts, and appropriated the annual rent accruing on the lands leased to P. R. Fendall to the education and maintenance of his children.

The testator then adds the following clause:

" If it should so happen that the remaining part of my estate not herein bequeathed should prove insufficient to pay all just demands against my estate, then my will and desire is that my executors shall sell as much of my real and personal estate as may be necessary to make up the deficiency, and that they shall sell such parts as will divide the loss among my representatives as nearly as may be in proportion to the property bequeathed to them and each of them."

On the 13th day of December, in the year 1797, Susanna Hipkins, then the widow of Lewis Hipkins, conveyed her dower in the premises in question and also in the land devised to her for life by her deceased husband to the Plaintiffs, John Adams and Westley Adams, in trust for her use.

HERBERT & OTHERS
*v.*
WREN & OTHERS.

a lease for years she is still entitled to dower in the rent.

A Court of Chancery cannot allow a part of the purchase money in lieu of dower, when the estate is sold, unless by consent of all parties interested.

HERBERT    In the year 1803 P. R. Fendall and Walker Muse in-
& OTHERS stituted a suit against the executors and children of
*v.*    Lewis Hipkins, deceased, and in the month of June in
WREN   that year the cause came on to be heard by consent of
& OTHERS. parties, when the Court decreed that the whole estate of
    Lewis Hipkins be sold and the money brought into Court.

   The report of the sale does not appear on the record, but an entry was made that the report was made and confirmed by the Court.

   Under this decree the premises were sold and con-veyed to the Defendant, E. I. Lee, who purchased in trust for P. R. Fendall, one of the executors of Lewis Hipkins. On the deed of conveyance is a memorandum stating that the property was sold subject to dower.

   Lee conveyed the premises to the other Defendants, trustees of P. R. Fendall, for the purposes of a trust deed which had been previously executed conveying to them the other two thirds of the same estate on certain trusts in the deed recited.

   The trustees sold and conveyed to the Defendant, Joseph Deane.

   The bill states that the Defendant, Joseph Deane, had not paid the purchase money, and was willing, should the Court decree dower in the premises, to give an equivalent in money in lieu thereof.

   Soon after the trust deed from Susanna Hipkins to John and Westley Adams she intermarried with the Plaintiff, Richard Wren.

   Philip R. Fendall continued to pay the Plaintiff, Susanna, during her widowhood, and the Plaintiffs, Richard and Susanna, after their intermarriage, one third part of the rent accruing on the premises devised to him by Hipkins and wife until the year 1803: since which he has refused or neglected to pay the same.

   The Defendants, the trustees of Philip Richard Fendall, he having departed this life previous to the institution of this suit, insist,

1. That the remedy of the Plaintiffs, if they have any, is at law, and that a Court of equity can take no jurisdiction of the cause.

2. That the provision made by the will of Lewis Hipkins for the Plaintiff, Susanna, not having been renounced by her, bars her right of dower in his estate.

The Defendant, Joseph Deane, has put in no answer, and as against him the bill is taken as confessed.

The Circuit Court determined that the claim of the Plaintiff, Susanna, to dower was not barred, and decreed her a sum in gross as an equivalent therefor.

From this decree the trustees of Philip Richard Fendall have appealed. The Plaintiffs also object to so much of the decree as refuses them rent on the premises, and have therefore taken out likewise a writ of error.

E. I. LEE, *for the Plaintiffs in error.*

1. If the Complainant, Susanna, has any right of dower, her remedy was in a Court of law.

In a suit in Chancery, if a question of dower arise, and the right of dower be denied, a Court of equity will send it to a Court of law to be tried.

The Courts of the United States are forbidden by law, to exercise Chancery jurisdiction in a case in which there is a remedy at law. A Court of equity takes cognizance of no case of dower which does not involve some peculiar ground of equity: such as discovery, partition, account, &c.

Here was no prayer for discovery, nor partition, and although an account was prayed, yet it was unnecessary. 1 *Fonb.* 19. 1 *Br. C. C.* 326. 3 *Atk.* 130. *Bormer v. Fortescue.* 2 *Br. C. C.* 631. 2 *Vez. Jr.* 124.

2. She had no right to dower. Her husband, Hipkins, had devised to her an estate for life, which appears, by the various provisions in his will, to have been intended to be in lieu of dower. The lands out of

HERBERT
& OTHERS
*v.*
WREN
& OTHERS.

HERBERT
& OTHERS
  v.
WREN
& OTHERS.

which dower is now claimed, he devised to his sons, and also devised them for payment of his debts. He specifically devised away all his lands.

In the case of *Ambler v. Norton*, 4 *Hen. and Mun.* 23, the devise was not expressly in lieu of dower, but the fact was collected from the whole context of the will.

3. But if she had a right of dower, the Court had no authority to make a decree for part of the purchase money, without the consent of all parties concerned. 1 *Inst.* 33.

R. I. TAYLOR, *contra.*

None of the facts upon which the claim of dower is founded is denied by the answer. The denial of the right is founded on particular facts therein stated.

1. As to the *jurisdiction*: at the present day Courts of law and equity have a concurrent jurisdiction in dower, if the facts are not denied upon which the claim of dower is founded; such as seizure, &c. In general a Court of Chancery is the proper tribunal. A discovery is almost always sought; partition is frequently required, and an account is generally taken. *Comyns Dig. Tit. Chancery, E. Mitford*, 109, 129. 1 *Fonb.* 22. 6 *Bac. Ab.* 417. 2 *Vez. Jr.* 122, 124. There is no case in Virginia where the jurisdiction has been denied.

In this case a partition was necessary, and that is a special ground of equitable jurisdiction.

But the property had been sold by order of Court, expressly subject to dower, and the deed to Deane contained a covenant to indemnify him against the claim of dower. A Court of Chancery can call all parties before it, and by decreeing a compensation in lieu of land, prevent circuity of action. The widow and the purchaser had consented to such a decree. An account of rents and profits was also necessary. The act of Congress prohibiting the resort to Chancery where there is a remedy at law, is only an affirmance of a principle of the common law.

But it is said that by joining in the lease for 13 years, she barred her dower during the lease. This is not so. Her husband still had a free hold of inheritance in the land, and died seized thereof. And the widow is enti- tled to dower in all lands of which the husband was seized of the freehold of inheritance during the cover- ture. *1 Inst. 32. Com. Dig. Tit. Dower, A. 6.*

But the most formidable objection arises upon the devise to her by the will. That devise was not expressly in lieu of dower, nor is there such averment as the state of Virginia requires. There is no averment that she accepted the lands devised in lieu of dower; nor that her husband was seized of such an estate in those lands as would be a bar if she had accepted them.

The decree of the Court was for a sale of the *whole* real estate of her husband. It does not appear that the land devised to her was not sold as well as the rest. If it was she is not barred of her dower. *Co. Lit. 18, (B.) Harg. note. Ridgeway's Rep. tem. Hardwicke 184. Dormer v. Fortescue. Fonb. 22. 6 Bac. Ab. 417.*

But there is an error in favor of the Plaintiff in error, and if the cause should be sent back it ought to be corrected. There was no allowance made for arrearages of rent.

As to the decree for money in lieu of land. The widow was willing to receive it, and the Defendant, Deane, to pay it. If there had not been a decree for money, Deane would have been obliged to pay the whole purchase money to the trustees and then sue them for a breach of covenant, and recover back in damages the value of the dower to be assessed by a jury. By ascertaining that value in the first instance, this circuity of action and loss of time are prevented. Whether the Court below ought themselves to have fixed the value of the dower, or left it to be ascertained by a master in chancery, or by a jury, we do not pretend to say. We do not wish the decree to be affirmed. We hope the bill will not be dismissed; but sent back with instructions to allow us the arrearages of rent with the profits thereon, and that an account be taken accordingly.

HERBERT
& OTHERS
  *v.*
WREN
& OTHERS.

C. LEE, *in reply.*

The essential point of the case is that she is barred of her dower by her acceptance of a jointure under the will. The act of assembly *(Rev. Co.* 180, § 11 *)* says " that if any estate be conveyed by deed or will, either expressly, *or by averment,* in lieu of dower," &c. " such conveyance shall bar her dower of the residue," &c. She has accepted her jointure and resides upon it. All the circumstances of the will show the intent to be in lieu of her dower. By *averment,* means by allegation and proof *dehors* the will. 1 *Inst.* 36, *(b)* note. *Woodeson. Tit. Dower. Hargrave Co. Lit.* 36, *(b)* note. 1 *Br. C. C.* 292, *Pearson v. Pearson.*

The Court had no right to decree money in lieu of the land without consent of the creditors.

No arrearages of dower can be recovered for the time preceding the demand.

*February* 26*th....*MARSHALL, *Ch. J.* after stating the case, delivered the opinion of the Court as follows :

The material questions in the cause are :

1. Has a Court of equity jurisdiction in the case ?

2. Is the Plaintiff, Susanna, entitled to dower ?

3. If these points be in her favor what decree ought the Court to make?

According to the practice which prevails generally in England, Courts of equity and Courts of law exercise a concurrent jurisdiction in assigning dower. Many reasons exist in England in favor of this jurisdiction: one of which is, that partitions are made and accounts are taken in chancery in a manner highly favorable to the great purposes of justice. In this case dower is to be assigned in an undivided third part of an estate, so that it is a case of partition of the original estate as well as of assignment of dower in the part of which Lewis Hipkins died seized.

An additional reason and a conclusive one in favor of the jurisdiction of a Court of equity is this: The lands are in possession of a purchaser who has not yet paid the purchase money. A Court of law could adjudge to the Plaintiffs only a third part of the land itself. Now, if the Plaintiffs be willing to leave the purchaser undisturbed, to affirm the sales and to receive a compensation for her dower instead of the land itself, a Court of equity ought never, by refusing its aid, to drive her into a Court of law and compel her to receive her dower in the lands themselves. This is therefore a proper case for application to a Court of Chancery.

HERBERT & OTHERS
v.
WREN & OTHERS.

2. It is perfectly clear that the provision made by Lewis Hipkins in his last will is no bar to a claim of dower for several reasons, of which it will be necessary to mention only two.

1. It is not expressed to be made in lieu of dower.

2. It is not averred that she has accepted the provision and still enjoys it.

3. It remains to inquire what decree the Court ought to make in the case.

The first question to be discussed is this: Is the Plaintiff, Susanna, entitled both to dower and to the provision made for her in the will of her late husband?

The law of Virginia has been construed to authorize an averment that the provision in the will is made in lieu of dower, and to support that averment by matter *dehors* the will. But, with the exception of this allowance to prove the intention of the testator by other testimony than may be collected from the will itself, the act of the Virginia legislature is not understood in any respect to vary the previously existing common law.

In the English books there are to be found many decisions in which the widow has been put to her election either to take her dower and relinquish the provision made for her in the will, or to take that provision and relinquish her dower. There are other cases in which

HERBERT & OTHERS. v. WREN & OTHERS. she has been permitted to hold both. The principle upon which these cases go appears to be this:

It is a maxim in a Court of equity not to permit the same person to hold under and against a will. If therefore it be manifest, from the face of the will, that the testator did not intend the provision it contains for his widow to be in addition to her dower, but to be in lieu of it; if his intention discovered in other parts of the will must be defeated by the allotment of dower to the widow, she must renounce either her dower, or the benefit she claims under the will. But if the two provisions may stand well together, if it may fairly be presumed that the testator intended the devise or bequest to his wife as additional to her dower, then she may hold both.

The cases of Arnold v. Kempstead and wife, of Villaracl and lord Galway; and of Jones v. Collier and others, reported by Ambler, are all cases in which, upon the principle that has been stated, the widow was put to her election.

In the case under consideration neither party derives any aid from extrinsic circumstances, and therefore the case must depend on the will itself.

The value of the provision made for the wife compared with the whole estate is not in proof: but so far as a judgment on this point can be formed on the evidence furnished by the will itself, it was supposed by him to be as ample as his circumstances would justify.

The only fund provided for the maintenance and education of his five children is the rent of 140*l.* per annum, payable by P. R. Fendall. Since he has made a distinct provision for his wife, the presumption is much against his intending that this fund should be diminished by being charged with her dower.

That part of the will, too, which authorizes P. R. Fendall, in the event of building a mill and not receiving from the sons of the testator their half of its value, to hold the premises until the rent should discharge that debt, indicates an intention that in such case the whole rent should be retained.

The clause, too, directing the residue of his estate to be sold for the payment of debts is indicative of an expectation that the property stood discharged of dower, and is a complete disposition of his whole estate. The testator appears to have considered himself as at liberty to arrange his property without any regard to the incumbrance of dower.

Upon this view of the will it is the opinion of the majority of the Court that the testator did not intend the provision made for his wife as additional to her dower, and that she cannot be permitted to hold both.

She has not however lost the right of election. No evidence is before the Court that she has accepted the provision of the will, nor that she still enjoys it. Indeed there is much reason to suppose the fact to be otherwise. The decree of 1803 does not except the lands decreed to her for life from its operation, nor is the Court informed by the evidence that those lands were not sold under it.

But if she had accepted that provision and still enjoyed it, there is no evidence that she considered herself as holding it in lieu of dower. On the contrary, she was in the actual perception of one third of the rent accruing on the lease held by P. R. Fendall; and in the deed executed by her in 1797, before her second marriage, she conveys her dower in the lands leased to Fendall, and also her dower in the lands devised to her by her deceased husband. It is therefore apparent that she never intended to abandon her claim to dower.

The next enquiry to be made by the Court is, to what profits is the Plaintiff, Susanna, entitled in consequence of the detention of dower?

It is unnecessary to decide whether, in general, a person claiming dower from a purchaser can recover profits which accrued previous to the institution of her suit. In this case the Plaintiff was in the actual enjoyment of dower. She received one third of the rent accruing from the premises for nine years. She was therefore in full possession of her dower estate; and when afterwards the land was sold under a decree of a

HERBERT Court, P. R. Fendall was one of the executors who made
& OTHERS the sale, and was himself in effect the purchaser of the
*v.* estate. Upon no principle could he justify the refusal
WREN to pay that portion of the rent which was equal to her
& OTHERS. dower in the land, unless on the principle that she was
not entitled to dower. In this case therefore the Plaintiff is entitled to one third of 140*l.* per annum for the remaining four years of the lease under which P. R. Fendall held the land, and to an account for profits after the expiration of the lease.

But the Plaintiff, Susanna, cannot claim the profits on her dower and hold any portion of the particular estate devised to her, or of the profits on that estate. An account therefore must be taken, if required by the Defendants, showing what she has received under the will of her husband. This must be opposed to the profits to which she is entitled for dower, and the balance placed to the credit of the party in whose favor it may be.

It remains to enquire whether the allowance of a sum in gross in lieu of dower in the land itself, or of the interest on one third of the purchase money, might legally be made.

This must be considered as a compromise between the Plaintiffs and the Defendant, Deane. His assent being averred in the bill, and the bill being taken *pro confesso* as to him, this may be considered as an arrangement to which he has consented. This, however, cannot affect the other Defendants. They have a right to insist that, instead of a sum in gross, one third of the purchase money shall be set apart and the interest thereof paid annually to the tenant in dower during her life.

If the parties all concur in preferring a sum in gross to the decree which the Court has a right to make, still it is uncertain on what principle seven years were taken as the value of the life of the tenant in dower. It is probably a reasonable estimate, but this Court does not perceive on what principles it was made, nor does the record furnish the means of judging of its reasonableness.

This Court is of opinion that there is error in the decree of the Circuit Court in not requiring the Plain-

tiff, Susanna, to elect between dower and the estate devised to her by her late husband, and in not allowing profits on her dower estate if she shall elect to take dower. The decree is to be reversed and the cause remanded for further proceedings in conformity with the following decree:

This Court is of opinion that the Plaintiff, Susanna, is not barred of her right of dower in the lands of which her late husband, Lewis Hipkins, died seized, but that she cannot hold both her dower and the property to which she may be entitled under the will of the said Lewis. She ought therefore to have made her election either to adhere to her legal rights and renounce those under the will, or to adhere to the will and renounce her legal rights, before a decree could be made in her favor.

This Court is farther of opinion that the Plaintiff, Susanna, having been in possession of her dower by the receipt of rent for several years after the death of her late husband, is, in the event of her electing to adhere to her claim of dower, entitled to receive from the estate of P. R. Fendall the profits which have accrued on her dower estate in his possession from the time when he ceased to pay the same, until the sale was made to the Defendant, Joseph Deane, and is entitled to receive from the said Joseph Deane the profits which have accrued thereon since the same was sold and conveyed to him to ascertain which an account ought to be directed. And the Court is further of opinion that an account ought also to be directed to ascertain how much the said Susanna has received from the estate of her late husband, and what profits she has received from the estate devised to her in his will: all which must be deducted from her claim for dower.

The Court is further of opinion that if the parties or either of them shall be dissatisfied with the allotment of a sum in gross, and shall prefer to have one third part of the purchase money, given by the said Joseph Deane for the lands in which the Plaintiff, Susanna, claims dower, set apart and secured to her for her life, so that she may receive during life the interest accruing there-

HERBERT on, and shall apply to the Circuit Court to reform its
& OTHERS decree in this respect, the same ought to be done.

v.

WREN          It is the opinion of this Court that there is no error
& OTHERS. in the decree of the Circuit Court for the county of
————————— Alexandria in determining that the Plaintiff, Susanna,
was entitled to dower in the estate of her late husband,
Lewis Hipkins, deceased, but that there is error in not
requiring her to elect between her dower and the pro-
vision made for her in the will of her late husband, and
in not decreeing profits on the same.   This Court doth
therefore reverse and annul the said decree; and doth
remand the cause to the said Circuit Court with in-
structions to reform the said decree according to the di-
rections herein contained.

JOHNSON, J. dissented from the opinion of the Court,
but did not state his reasons.