The Chancellor.
The question is, was the legacy to the wife in lieu of dower ?
It is true dower is a legal right, which is favored both in law and equity. To debar the widow of this right, and put her to an election between her dower and a bequest in the will, there must be some express declaration of the testator excluding her from her right, or it must be clear, by implication, that such was his intention. The authorities will be found in 2 Williams on Ex. 889, and the notes, and in 1 Rop. Husb. and wife 577; 2 Rop. Leg. 530. See, also, Stark et al. v. Henton et al., Saxton, 224. The rule, as laid down by Lord Pedesdale in Birmingham v. Kirwan, 2 Soho. & Lefr. 452, has been always recognised: “ It is to be collected from all the cases, that as a right to dower is in itself a clear legal right, an intent to exclude that right by voluntary gift must be demonstrated, either by express words or by clear and manifest implication. If there be anything ambiguous or doubtful, if the court cannot say it was clearly the intention to exclude, then the averment *55 that the gift was made in lieu of dower, cannot he supported ; and to make a case of election that is necessary, for a gift is to he taken as pure until a condition appear. This I take to he the ground of all the decisions.”
The principle upon which the court will act is well settled. The difficulty is in its application, and has given rise to conflicting decisions.
In this case the devise is, “ I give, devise, and bequeath to my beloved wife, Elizabeth M. Clark, six hundred dollars, at the end of six months after my decease, and my gold watch, which she carries, and the silver teaspoons, the two sets of window blinds in the back room, and the hall lamp which she brought me, at or after our marriage ; and her acceptance of the above gift shall for ever exclude her from any further demands on my estate.”
It is insisted that this does not amount to an express declaration excluding the right of dower, and that the acceptance of the gift excludes the widow from any further demand only against the personal estate ; that the legacy is to be paid her by the executor, and that against that estate, out of which the legacy is to be paid, she is excluded from any further demands. If the other parts of the will gave no further indication of the testator’s intention, this construction might prevail. Although in the case of Boynton v. Boynton, 1 Brown’s Rep. 447, where the testator had given to his widow, in the event of her marrying again, one hundred pounds a year, as the full benefit she was to derive from his estate, the Lord Chancellor said, “By these expressions, I rather think he intended his estate should be quite clear of her,” and he so decreed. And also in Warburton v. Warburton, 23 E. C. L. R. 416. But see Parker v. Sowerby, 27 E. C. L. R. 154. But I think it appears, by clear and manifest implication from the whole will, that the testator did intend the gift to be in lieu of dower, and did not, by the use of the word “ estate,” mean personal estate only.
In the first place, he puts his whole estate, both real *56 and personal, in the hands of his executor for disposition ; and the whole will shows that, by the use of the word estate, he means both real and personal estate. There can be nothing, then, in the idea that the executor has control only of the fund out of which the legacy is to be paid, and that the estate in the hands of the executor should be regarded as different and distinct from that out of which the widow has her dower.
In the next place, the testator disposes of his whole estate, real and personal. He disposes of it through the executor, the person to pay the widow the legacy; and the disposition is inconsistent with the widow’s enjoyment of her legal right. The testator directs his house and lands, which it is admitted is all the real estate of which he died seized, to be converted into money, and the money divided as therein directed.
To allow the claim of dower would disappoint the will. The disposition of the testator’s property is such as to leave no fund for her claim of both. Vallareal v. Lord Galway, Ambler 683. I think it is clear that the testator intended his executor should sell only his real estate free from encumbrance. If such was his intention, he intended that the gift to his wife should bar her of her dower. In the case of Herbert and others v. Wren and others, 7 Cranch 379, Marshall, C. J., says, “ The clause, too, directing the residue of his estate to be sold for the payment of debts, is indicative of an expectation that the property stood discharged of' dower, and is a conrplete disposition of his whole estate. The testator appears to have considered himself as at liberty to arrange his property without any regard to the encumbrance of dower.” But in the case of Gibson v. Gibson, 17 E. L. & E. R. 352, the Yice Chancellor did not give much weight to a like clause in the will, as a question of the widow’s right to her dower.
If it is proper to consider the relative value between the legacy and the dower, there is nothing in it repugnant to this construction. The legacy is about the value of the *57 dower, as would appear from the pleadings. I think there is something, too, in the fact, that the widow has no other demand against the estate than her right of dower. This is admitted hy the answer. As the legacy was for ever to exclude her from any further demand on the estate, what demand did the testator refer to, if not the demand of dower ?
The widow must make her election.