Moncure, P.,
delivered the opinion of the court.
The question presented for the decision of the court in this case is, whether, where, in a suit in equity for an assignment of dower, it cannot be assigned in kind, and a sale of the subject in which the claim to dower exists is necessary in order to satisfy the claim out of the proceeds of the sale, such claim is to be satisfied by the payment of .•a gross sum, ascertained to be the value of said claim, or, by securely investing in a loan, at legal interest, one-third •of the amount of the proceeds of sale of the said subject, ■and by paying to the claimant the interest which may accrue on the said investment during her life, the creditors •of the husband, having liens on his real estate subject to the said claim to dower therein, not having consented that it should be compensated by the payment of a sum of money in gross out of the proceeds of sale of the said estate, but, on the contrary, insisting that it should be satisfied by securely investing in a-loan, at legal interest, one-third of the amount of the proceeds of sale of the said «estate, and by paying to the claimant the interest which «may accrue on the said investment during her life, as aforesaid.
The circuit court, in the decree appealed from, held that ■such a claim should be compensated by the payment of a sum of money in gross, and decreed accordingly. The appellants, *389 on the contrary, insist that the said decree is erroneous, and (hat instead thereof the circuit court ought to have decreed satisfaction of the said claim by investing in loan, at legal interest, one-third of the amount of the proceeds of sale of the said estate, and by paying to the claimant the interest which may accrue on the said investment during her life, as aforesaid.
This court is of opinion that the circuit court did so err in so decreeing, and that, instead of so decreeing, it ought to have decreed a satisfaction of the said claim in the manner and by the means insisted on by the appellants, as aforesaid.
The three cases cited and relied on by the counsel for the appellants in support of their view, in the petition for the appeal in this case, seem to be conclusive in their favor. They are Herbert & others v. Wren & others, 7 Cranch, 370; Wilson & others v. Davisson, 2 Rob. Va. R. 384, and Blair v. Thompson & others, 11 Gratt. 441.
In Herbert & others v. Wren & others, the opinion of the supreme court of the United States was delivered by Marshall, Ch. J.- One of the marginal notes of the decision is that “a court of chancery cannot allow a part of the purchase money in lieu of dower where the estate is sold, unless by consent of all parties interested.” In that case, Joseph Deane became a purchaser of the land which was subject to a claim for dower. In the suit in equity brought against him and other defendants by the claimant, she said in her bill that the defendant Deane had not paid the purchase money of the said land, and was willing, should the court decree dower in the premises, to give an equivalent in money in lieu thereof. The bill as to him was taken for confessed. The circuit court decreed in favor of her claim to dower, and decreed her a sum in gross as equivalent therefor. The other defendants, the trustees of P. R. Fend all, appealed from the decree. In the course of the opinion, the Chief Justice said: “ It remains to en- *390 quire, whether the allowance of a sum in gross in lieu of x ° dower in the land itself, or of the interest on one-third of the purchase money, might legally be made. This must be considered as a compromise between the plaintiffs and the defendant Deane. His assent being averred in the bill, and the bill being taken pro oonfesso as to him, this may be considered as an arrangement to which he has consented. This, however, cannot affect the other defendants. They have a right to insist that instead of a sum in gross, one-third of the purchase money shall be set apart, and the interest thereof paid annually to the tenant in dower during her life.” And in the decree which he prepared to be entered in the case, there is the following clause: “ The court is further of opinion that if the parties, or either of them, shall be dissatisfied with the allotment of a sum in gross, and shall prefer to have one-third part of the purchase money given by the said Joseph Deane for the lands in which the plaintiff Susanna claims dower, set apart and secured to her for her life, so that she may receive, during her life the interest accruing thereon, and shall apply to the circuit court to reform its decree in this respect, the same ought to be done,” &e.
In Wilson & others v. Davisson, 2 Rob. Va. R. 384, the principle laid down in Herbert & others v. Wren & others, 7 Cranch. 380, that where land in which there is a right of dower is sold in a suit to which the tenant in dower is a party, the other parties interested “ have a right to insist that instead of a sum in gross, one-third of the purchase money shall be set apart, and the interest thereon paid annually to the tenant in dower during her life,” was approved.
In M. Blair v. Thompson & others, 11 Gratt. 441, it was held by the whole court—Allen, P., delivering an opinion in which, on that branch of the subject, the other four judges concurred—that there cannot be a decree for a specific sum in lieu of dower without the assent of all the *391 parties interested. As authority for that position, the cases of Herbert v. Wren and Wilson v. Davisson, before referred to, were cited in the opinion of Judge Allen.
The same doctrine is laid down in the following cases, viz: Beavers v. Smith, 11 Alab. 20; Johnson v. Elliott, 12 Id. 112; and Fry v. Merchants Ins. Co., 15 Id. 810. In all these cases the court was unanimous, and in none of them did any judge express any doubt on the subject. In Johnson v. Elliott, Goldthwaite, J., in delivering the opinion of the court, thus declares: “It is error to decree a sum certain to a widow in lieu of dower, to be raised by a sale of the entire estate out of which’ the dower interest arises. The decree should be for the payment annually of the sum ascertained to be the annual value of the dower interest.” See also Francis & al. v. Goddard, 18 Alab. 794, new series.
Of course the consent of all persons concerned, supposing all of them to be competent to give such consent, will authorize the compensation of such dower claim by the payment of a gross sum. But without such consent it can only be compensated by setting apart one-third of the value or proceeds of sale of the land subject to such claim, and giving to the claimant the interest which may accrue on such third during her life. Being entitled to the use during her life of one-third of the subject in which she has a dower interest, and that subject being incapable- of division and therefore sold, the proceeds of sale stand in place of the land, and she is entitled to the benefit of one-third of such proceeds during her life, and not to a gross sum out of such proceeds, at least unless the other parties interested therein consent thereto. To allow her such gross sum without such consent, might be to take away from the said parties a substantial part of their inheritance in the event of her early death after receiving such compensation.
The Attorney-General, in his argument of this ease, cites *392 in support of a different view, for which he contends, the cases of White v. White, &c., 16 Gratt. 264; Jaege, &c. Bossieux, 15 Id. 83; Simmons v. Lyles, &c., 27 Id. 922. We do not think there is anything in either of those cases " ° in conflict with the doctrine herein before laid down or the cases hereinbefore cited in support of it. But we do not deem it necessary to review in detail the cases cited J by the Attorney-General.
Upon the whole, we are of opinion, that the decree appealed from is erroneous and ought to be reversed and annulled, and the cause remanded to the said circuit court for further proceedings to be had therein in conformity with the foregoing opinion.
The decree was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the said circuit court erred in overruling the exception taken by the plaintiffs, the creditors in the said suits, to the report of Commissioner Humphreys, of the 19th day of September, 1873, and confirming said report as to the matter of the said exception, and decreeing that James L. Kemper and W. O. Fry, commissioners, out af any money then in their hands or thereafter to come to their hands, arising from the proceeds of the salé of the real estate of Thomas B. Jackson, deceased, do pay to Isaac H. Lindsey, in right of his wife Cordelia E. Lindsey, the sum of $1,206, with interest thereon from the 6th of August, 1871, in full of the fee simple value of her dower in the real estate of her deceased husband; and that instead of doing so, the said circuit court ought to have sustained the said exception, and decreed to her, in compensation and satisfaction of her said dower, the use for her life of one-third of the proceeds of the sale of the said real estate, which third amounts to the sum of fifteen hundred dollars; to be loaned out on good security during *393 her life, and the interest thereon accruing during that period paid to her annually under the order of the said circuit court. And ought also to have decreed payment her of interest on the said sum of fifteen hundred dollars from the 6th day of August, 1871, the date of the sale the said real estate, until the said sum shall be loaned out as aforesaid.
Therefore it is decreed and ordered that so much of the decree appealed from as is above declared to be erroneous be reversed and annulled and the residue thereof affirmed; and that the appellees, Isaac N. Lindsey and Cordelia E. Lindsey, his wife, do pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here.
And it is ordered that this cause be remanded to the said circuit court for further proceedings to be had therein in conformity with the foregoing opinion and decree.
Which is ordered to be certified to the said circuit court of Madison county.
Decree reversed.