# CASES DECIDED

## IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

### Richmond.

AMERICAN NATIONAL BANK OF WASHINGTON, D. C., V. TAYLOR AND OTHERS.

March 9, 1911.

1. HUSBAND AND WIFE—*Tenants by Entireties—Survivorship—Code, Section 2430.*—The common law doctrine of tenants by entireties was changed by section 2430 of the Code, and, since the enactment of that section, if a husband by his sole deed conveys land excepting from the grant an estate "for and during the period of the natural lives" of himself and wife, each has only a life interest in one moiety of the land. If the exception be treated as a grant, then under the statute they take as tenants in common a moiety each, but if the wife, though not a party to the deed (Code, sec. 2415) took a life estate in one moiety, and the husband excepted an estate for his life in the other moiety, then husband and wife would not be either joint tenants or tenants by entireties, for their estate would be lacking in unity of title, time and possession. In neither event is there any survivorship between them.

2. LIFE ESTATE—*Commutation.*—As a general rule, a party who has a life estate in a fund arising from the proceeds of the sale of land is not entitled to have the value of his life estate commuted and paid to him in gross instead of the annual interest on the fund, unless the parties in interest agree to it.

3. LIFE ESTATE—*Sale of Fee—Security for Annuity—Commutation—Case in Judgment.*—Where it is impossible to invest a sum at

interest sufficient to produce annually the sum to which an annuitant is entitled, the court will adopt some other mode of adjustment that will produce the greatest equality with the least inconvenience. In the case in judgment, such an impossibility exists, and the trial court properly paid to the annuitant the present value of his annuity, as that was as equitable as any other mode that could have been adopted, and attended with as little inconvenience.

Appeal from a decree of the Circuit Court of Fairfax county. Decree for one of the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Moore, Barbour & Keith,* for the appellant.

*Walter Tancil Oliver,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

On the 4th day of July, 1902, Andrew J. Taylor conveyed to his son, Walter L. Taylor, a certain parcel of land upon which the grantor resided, containing forty-eight acres (being all his real estate), in consideration of $1,500. The deed, which both father and son signed and acknowledged, contained the following provision:

"Provided, however, and this conveyance is made on the distinct understanding that the said Andrew J. Taylor and his wife, Emily E. Taylor, are to remain on said land, and to use and occupy the buildings and improvements on the same, and to have, hold, use, possess, and enjoy the rents, issues, and profits of the same, for and during the period of their natural lives, and provided further, that if at any time within three years from this date, the said Andrew J. Taylor should have an opportunity to sell said land for $3,500.00/100, he shall have the privilege to do so, and said

Walter L. Taylor and his wife are to join in the deed to the purchaser of said land at $3,500, with the said Andrew J. Taylor and wife upon condition that said Andrew J. Taylor pay to said Walter L. Taylor, the amount hereby paid by him and receipted for, to-wit, $1,500, with interest thereon from this date, at the rate of six *per cent. per annum*, and also pay to said Walter L. Taylor for all improvements he puts on said land after this date, and within said period of three years, with interest on the amount paid from the date of said improvement at the rate of six *per cent. per annum."*

In July, 1906, the wife of Andrew J. Taylor died. In October of that year the son executed a deed of trust on the land, in which the father united to secure a debt which the son owed to Elisha H. Walker. In November following the father sold all of his interest in the land to his son, upon the condition, among others, that the latter should pay him every four months from that date the sum of $50 as long as the father lived.

In this suit, which is a creditor's bill to subject the lands of the son and another to the payment of certain liens against their real estate, it was held that the father, Andrew J. Taylor, under his conveyance of July, 1902, had an estate for life in the forty-eight-acre tract of land conveyed, which estate was secondarily liable, if necessary, for the payment of the deed of trust debt due Walker, the father being merely surety in that debt. That tract of land having been sold in the cause for $3,000, more than sufficient to pay Walker's debt, the court held that the father, who was then eighty years of age, was entitled to have his life estate commuted upon the whole sum of $3,000 realized from the sale of the land. To that decree this appeal was granted upon the petition of the appellant, one of the creditors of the son.

The first error assigned is that the grantor and his wife

did not have under the deed of July 4, 1902, an estate in the land for their joint lives and then to the survivor, as the court in effect held, but that the grantor had a life estate in one-half of the land, which would be terminated by his death, and that his wife took a life estate in one-half thereof, which was terminated by her death.

At common law, when land was conveyed to a husband and wife, after marriage, not expressly to hold as tenants in common they were said to be seized by entireties; but in consequence of their legal oneness, neither could dispose of any part thereof without the assent of the other, but the whole upon the death of one remained to the survivor. 2 Min. Inst. (4th ed.), 471, and authorities cited.

But by the Code of 1887 the doctrine applicable to husband and wife as tenants by entireties, as said by Prof. Minor at page quoted above, "is much modified, not to say revolutionized." By section 2430 of that Code, which went into effect on May 1, 1888, it is provided that "if hereafter any estate, real or personal, be conveyed or devised to a husband and his wife, they shall take and hold the same by moieties in like manner as if a distinct moiety had been given to each by a separate conveyance."

If the exception in the deed of the life estate in the land for the benefit of the husband and wife during their natural lives be treated as a conveyance to them of that estate, as it was in effect (see 2 Devlin on Deeds, sec. 980-a; *Littlebridge* v. *Lackawana Coal Co.*, 143 Penn. St. 293, 22 Atl. 1035, 24 Am. St. Rep. 544, 13 L. R. A. 627; 3 Worsham on Real Prop., sec. 2355), then under the statute quoted they took as tenants in common a moiety each of that estate, and upon the death of the wife her estate was determined; for between tenants in common there are no entireties, and the doctrine of survivorship does not apply as between them. 2 Min. Inst. 499, and authorities cited.

But if it be held that the wife, although no party to the

deed (sec. 2415 of the Code) took an estate for life in one undivided moiety of the land, and the husband excepted from the operation of the deed a life estate for himself in the other moiety, then there would be no survivorship, for the husband and wife would not be either joint tenants or tenants by entireties, for their estate would be lacking in unity of title, unity of time and unity of possession. 2 Min. Inst. (4th ed.), p. 468-472, and authorities cited; 1 Min. Real Prop., sec. 880. The life estate remaining in the husband was from his vendor, while that of the wife was acquired from him or from him and his son, both of whom signed the deed creating her estate.

We are of opinion, therefore, that upon the death of the wife, her life estate in the land terminated, and that her husband only has a life estate in one moiety of the land.

The other assignment of error is that the court erred in holding that the life estate of the father in the proceeds of sale of the land be commuted as of the age of eighty years upon the entire proceeds of the sale of the land.

As the father only had a life estate in one-half of the land, as we have decided in disposing of the first assignment of error, and as the agreement of November 20, 1906, by which he sold his life estate in the land to his son in consideration of the payment of $50.00 every four months during his life was never recorded, he, as against the appellant, a subsequent judgment creditor of his son, was only entitled to interest upon one-half of the proceeds of sale.

As a general rule, a party who has a life estate in a fund arising from the proceeds of the sale of land is not entitled to have the value of his life estate commuted and paid to him in gross instead of the annual interest on the fund, unless the parties in interest agree to it. See *Wilson* v. *Davisson*, 2 Rob. 384; *Simmons* v. *Lyle*, 27 Gratt. 922; *Harrison* v. *Payne*, 32 Gratt. 387.

In this case a somewhat anomalous state of things exist.

While the father's life estate in one-half of the proceeds of the sale of the land is superior to the judgment lien of the appellant, Walker's deed of trust debt is superior to the father's life estate in the proceeds of sale, since he united in the deed of trust, and Walker is entitled to have his debt paid out of the proceeds of the sale of the land as the court decreed. The payment of that debt will require more than one-half of the proceeds of the sale, and to the extent that it takes more than one-half thereof, it will reduce the half charged with the life estate of the father. It will be impossible, therefore, to follow the general rule in this case and invest a sum at interest sufficient to produce annually $90.00, the sum to which the father is entitled during his life. Where the general rule cannot be followed, some other mode of adjustment must be adopted which will, as was said by Judge Staples in *Simmons* v. *Lyle,* 27 Gratt. 922, 931, "produce the greatest equality with the lease inconvenience."

Under the circumstances of this case we are of opinion that the mode adopted by the trial court of commuting the value of the father's life estate, and paying to him a gross sum out of the proceeds of sale remaining in the hands of the court, is as equitable as any other that could be adopted, and is attended with as little inconvenience.

We are of opinion, therefore, to reverse the decree appealed from, and remand the cause for further proceedings to be had in accordance with the views expressed in this opinion.

*Reversed.*