ESTATE OF CLARENCE W. DICKINSON, E. SHERWOOD DICKINSON, Co-Executor, et al, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Dickinson v. Commissioner
Docket No. 5171-77.
United States Tax Court
T.C. Memo 1981-36; 1981 Tax Ct. Memo LEXIS 705; 41 T.C.M. (CCH) 787; T.C.M. (RIA) 81036; January 29, 1981. L. Roland Sturm, for the *706 petitioner. John F. Dean, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: By statutory notice dated February 24, 1977, the Commissioner determined a deficiency of $ 39,375.68 in petitioner's Federal estate tax. The issue is whether the value of a portion of the proceeds of a sale of land in which land decedent Clarence W. Dickinson owned a life estate prior to sale is includable in his gross estate. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. E. Sherwood Dickinson and S. Jones Dickinson are the duly qualified executors of the estate of Clarance W. Dickinson (hereinafter called decedent), who died July 19, 1973. E. Sherwood Dickinson filed the Federal estate tax return with the Internal Revenue Service Center, Memphis, Tennessee. At the time the petition herein was filed, the estate was located at Baltimore, Maryland. On January 12, 1948, Mack Henry Dickinson, father of decedent, died leaving surviving him his wife Loula and three sons, S. Jones, E. Sherwood and decedent. At his death, Mack *707 Henry Dickinson owned approximately 1500 acres of land in Spotsylvania County, Virginia. By his will, he devised to his wife Loula a life estate in 384 acres of this land comprising his home farm with the remainder passing to his three sons in equal portions in fee simple. He devised to decedent a filling station and store and the land upon which they stood. Finally, he devised the residue of his estate, which included the land not specifically devised in Spotsylvania County, to the three sons. Thus, under the will, decedent acquired a one-third vested remainder interest in the home farm of his father, and a fee simple interest in other Spotsylvania County real estate, either alone or in joint tenancy with his brothers E. Sherwood and S. Jones. By deed dated October 8, 1948, E. Sherwood and S. Jones Dickinson and their respective wives, and the decedent, conveyed to Loula Dickinson-- for and during her natural life, all of the real estate of any and all kinds * * *, wherever situated * * *, in Spotsylvania County, Virginia, of which * * * Mack Henry Dickinson died seized and possessed, * * * and upon her death, should * * * C. Welch Dickinson survive her, then to * * * C. Welch *708 Dickinson for his life, and upon [his] death * * *, surviving * * * Loula Jones Dickinson, or upon the death of * * * Loula Jones Dickinson, should she outlive [him], then to * * * S. Jones * * * and * * * E. F. Sherwood Dickinson, jointly, during their joint lives in equal interest, and upon the death of either, then to the survivor in fee simple, his heirs, executors, administrators or assigns. In effect, decedent exchanged his one-third vested remainder in the home farm and partial fee interests in the other real estate in Spotsylvania County for a contingent life estate in all of the real estate owned by his father at the latter's death. Loula Jones Dickinson died in 1961, at which time decedent's contingent life estate vested and became possessory. On May 16, 1972, Jenny Gertz and E. Sherwood Dickinson entered into a contract for the sale of land in Spotsylvania County. On January 2, 1973, a deed conveying the land to be sold under the contract was acknowledged by E. Sherwood and S. Jones Dickinson and their respective wives and by the decedent. The sale was closed and the deed recorded on June 7, 1973. Decedent had a life estate resulting from the 1948 conveyance *709 in 658.892 of the 952.794 acres conveyed by the deed, and a fee interest in 94 acres. S. Jones and E. Sherwood Dickinson owned 199.902 acres in fee and had a remainder interest in the 658.892 acre portion. The gross consideration received by the Dickinsons for the sale of the 952.794 acres was $ 471,633.03. Selling expenses amounted to $ 56,538, yielding a net sale price of $ 415,095.03. Of the gross consideration received, $ 114,795.48 was paid in cash, with the balance of $ 356,837.55 evidenced by a note secured by a purchase money mortgage. All payments under the contract were to be made to decedent's two brothers "jointly." It was understood that the decedent's brothers would use part of the proceeds to build a new house for him, and invest the balance in assets which would "produce good income for him." Decedent died on July 19, 1973, at the age of 62. The executor included in decedent's gross estate that portion of the net sales proceeds attributable to the 94 acres which decedent owned in fee but none of the proceeds attributable to the 658.892 acres in which decedent held a life estate. Respondent adjusted decedent's gross estate upward by $ 172,934.26, which *710 he determined to be the portion of the sale proceeds attributable to decedent's life estate. He first allocated a portion of the proceeds to the total fee in the 658.892 acres based upon its proportion of the total acreage sold (658.892/952.794 = 69.21 percent). Then, using the tables prescribed in section 20.2031-10(f) of the Estate Tax Regulations, he computed the amount of this portion which he deemed allocable to the life estate which decedent conveyed ($ 172,934.26), and increased decedent's gross estate accordingly, on the theories elaborated infra. OPINION Respondent's statutory notice provided as follows: Explanation of Adjustment
It is determined that the value of the assets which the decedent conveyed by a deed dated October 8, 1948 are includible in his gross estate, since under the terms of the deed the decedent retained a life estate in those assets as provided by Section 2036 of the Internal Revenue Code.It is further determined that the fair market value of those assets was $ 172,934.26 as of the date of death. Alternatively, it is determined that the $ 172,934.26 fair market value of those assets are includible in his gross *711 estate as transactions in contemplation of death or transfers for insufficient consideration or property in which the decedent had an interest as provided by section 2035, section 2043 and section 2033 respectively, of the Internal Revenue Code. Thus, the statutory notice advanced the theory that decedent's conveyance of his remainder and fee simple interests in 1948 to his mother for life, then to himself for life if he survived his mother, with remainder to his brothers, constituted a transfer with retained life estate and made the value of the transferred property includable in his gross estate under section 2036 [1] of the Internal Revenue Code of 1954. [2]
*712 However, in his trial brief, respondent states: Respondent no longer contends that the conveyance of decedent's fee interest in the specific devise and the residuum property passing to him under his fathers will, to his mother in October, 1948, should be included in the gross estate under section 2036 and 2043. Respondent's argument presented on brief may be summarized as follows: when the contract of sale became enforceable, decedent, because of his conveyance of his life estate, became entitled to be paid a specific amount of the proceeds of the sale attributable to the 658.892 acres equal to the actuarially computed value of the life estate. Thus, under one of the following three theories, such value is includable in decedent's gross estate. First, the value is includable under section 2033 [3] because decedent's estate had been given a claim to it by the contract of sale. Second, if the estate has no claim because decedent transferred his right to the proceeds to his brothers, such transfer was in contemplation of decedent's death and therefore the proceeds are includable in the gross estate under section 2035. [4]
*713 Third, if the brothers agreed to use the sales proceeds for decedent's benefit by investing them and producing income for him, decedent in effect transferred his proceeds to the brothers, retaining a life estate therein, and they are accordingly includable in the gross estate under section 2036, quoted above. The problem with respondent's theories is that they are all premised on the assumption that, when the sale occurred, decedent acquired a right to be paid a specific portion of the proceeds, which he then either retained or transferred without consideration. Respondent's assumption, however, overlooks Virginia law. Long ago, the Virginia Supreme Court of Appeals stated: As a general rule, a party who has a life estate in a fund arising from the proceeds of the sale of land is not entitled to have the value of his life estate commuted and paid to him in gross, instead of the annual interest on the fund, unless the parties in interest agree to it. * * * American National Bank of Washington, D.C. v. Taylor,112 Va. 1, 70 S.E. 534, 536 (1911). Thus, under Virginia law, the life estate that decedent had in the 658.892 acres was merely continued into the *714 proceeds of their sale. The only "transfer" that decedent can be said to have made in 1972 or 1973 is the exchange of a life estate in land for a life estate in the proceeds of the sale of that land. Such a transfer is not taxable because it was made for adequate consideration. Because the three brothers did not agree that the value of decedent's life estate would be commuted and paid him in gross, he acquired no right to a specific portion of the proceeds. His only right was to have the income from the proceeds of the sale of the underlying fee (the 658.892 acres) paid to him for his life.At his death, the life estate in the proceeds was extinguished. Hence, none of the value of any assets formerly subject to it need be included in decedent's gross estate. To reflect the foregoing, Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. Section 2036 provides: SEC. 2036. TRANSFERS WITH RETAINED LIFE ESTATE. (a) GENERAL RULE. -- The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death-- (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.↩
3. SEC. 2033. PROPERTY IN WHICH THE DECEDENT HAD AN INTEREST. The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death. ↩
4. Section 2035, as in effect for 1973, provided: SEC. 2035. TRANSACTIONS IN CONTEMPLATION OF DEATH. (a) GENERAL RULE. -- The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, in contemplation of his death.↩